**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| ELIZABETH SEXTON<br>130 Chris Ln<br>Lima, Ohio 45806<br><br>   Plaintiff,<br><br>  v.<br><br><br>PRISTINE FINANCIAL GROUP<br>1800 N. Bristol Street<br>#C477<br>Santa Ana, CA 92780<br>   Defendant. | )<br>)<br>)<br>) Case No.:  3:11-cv-1127<br>)<br>) JURY DEMAND REQUESTED<br>)<br>) VERIFIED CIVIL COMPLAINT<br>) (Unlawful Debt Collection Practices)<br>)<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT**

  ELIZABETH SEXTON (Plaintiff), by her attorneys, KAHN AND ASSOCIATES, L.L.C., alleges the following against PRISTINE FINANCIAL GROUP (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person who resides in Lima, Allen County, Ohio and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is a debt collector with an office in Santa Ana, California.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

11. Defendant has called Plaintiff approximately 4 times daily for a period of at least one week.

12. Defendant threatened that failure to pay the debt would result in a lawsuit when it had no intention of carrying out such act.

13. Defendant threatened to file a lawsuit against Plaintiff when it had no intention of carrying out such act.

14. Defendant threatened to have Plaintiff arrested.

15. Defendant has communicated with Plaintiff's 16-year old daughter, a third party, without the prior consent of the Plaintiff in an attempt to collect the debt.

16. Defendant places collection calls to Plaintiff from telephone number: 888-350-5995.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c* of the FDCPA by communicating, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, without the prior consent of the consumer given directly to the debt collector.

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

    c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff is telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    d. Defendant violated *§1692e(4)* of the FDCPA by representing or implying that the nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

WHEREFORE, Plaintiff, ELIZABETH SEXTON respectfully requests judgment be entered against Defendant, PRISTINE FINANCIAL GROUP for the following:

18. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

20. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, ELIZABETH SEXTON, requests a jury trial in this case.

                                              RESPECTFULLY SUBMITTED,

                                              KAHN & ASSOCIATES, L.L.C.

                                              _____
                                              J. DANIEL SCHARVILLE (0071132)
                                              6200 Rockside Woods, Blvd., Suite 215
                                              Independence, Ohio 44131
                                              Ph.:  (216) 621-6101
                                              Fax: (216) 621-6006
                                              Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OHIO

    Plaintiff, ELIZABETH SEXTON, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

    Pursuant to 28 U.S.C. § 1746(2), I, ELIZABETH SEXTON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

5-16-11
Date

ELIZABETH SEXTON

PLAINTIFF'S VERIFIED COMPLAINT

1